CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

08/16/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

**O IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(CHARLOTTESVILLE DIVISION)**

|  |  |
|---|---|
| ROTHY'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> JKM TECHNOLOGIES, LLC d/b/a OESH SHOES <br><br> & <br><br> DR. CASEY KERRIGAN d/b/a OESH SHOES, <br><br> Defendants. | Civil Action No. 3:18CV00067 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT,
TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff Rothy's, Inc., by and through its undersigned attorneys, hereby files this Original

Complaint against Defendants JKM Technologies, LLC d/b/a OESH Shoes and Dr. Casey

Kerrigan d/b/a OESH Shoes (hereinafter "Defendants"), and alleges as follow:

**THE PARTIES**

1.      Plaintiff Rothy's, Inc. (hereinafter "Rothy's") is a corporation organized and

existing under the laws of the State of Delaware and has its principal place of business in

California.

2.      On information and belief, Defendant JKM Technologies, LLC d/b/a OESH

Shoes (hereinafter "OESH") is a corporation organized and existing under the laws of the

Commonwealth of Virginia with its principal place of business at 525 Rookwood Place,

Charlottesville, Virginia 22903-4735.

- 1 -

3.    On information and belief, Defendant Dr. Casey Kerrigan d/b/a OESH lives and resides in the Commonwealth of Virginia and is d/b/a under the laws of the Commonwealth of Virginia and has its principal place of business at 705 Dale Avenue, Suite E, Charlottesville, Virginia 22903-5273.

4.    On information and belief, Defendant JKM Technologies may be served with process at their principal place of business: 525 Rookwood Place, Charlottesville, Virginia 22903-4735.

5.    On information and belief, Defendant Dr. Casey Kerrigan may be served with process at her principal place of business: 705 Dale Avenue, Suite E, Charlottesville, Virginia 22903-5273.

## JURISDICTION AND VENUE

6.    This is a civil action for: (i) infringement of United States Design Patent Nos. **D768,366, D804,156, and D805,276** (the "Rothy's Design Patents") arising under the Patent Laws of the United States, Title 35, United States Code, § 271 *et seq.*; (ii) trade dress infringement under § 43(a) of the U.S. Trademark Act of 1946, as amended (the "Lanham Act") 15 U.S.C. § 1125(a); and (iii) unfair competition and false designation in violation of § 43(a) of the Lanham Act 15 U.S.C. § 1125(a). Accordingly, this Court has subject matter jurisdiction over this case pursuant to 28 USC §§ 1331 and 1338.

7.    This Court has jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    On information and belief, Defendants are a Virginia corporation, a Virginia resident, have a business office in this Judicial District, does continuous and systematic business

- 2 -

in this Judicial District, and have committed acts of patent infringement, trade dress

infringement, and unfair competition in this Judicial District. For these reasons, venue is proper

in this Court under 28 U.S.C. §§ 1391 (b), (c), and (d), and 1400(b).

## FACTUAL BACKGROUND

9.    Plaintiff Rothy's (formerly known as CABH Holdings, LLC) was founded in

2012 and has what *Business Insider* describes as a "ravenous following" for its unique, novel,

sustainable, comfortable, and stylish shoes. Rothy's footwear is elegantly designed and

seamlessly manufactured from recycled bottles using a proprietary 3D knitting process that

significantly reduces waste. Rothy's has endeavored to repurpose more than 13 million plastic

bottles since its founding.

10.    In 2012, Rothy's began the design and development of its revolutionary industry

changing shoe titled the Flat ("The Flat"), a ballet type shoe that is the perfect shoe to take you

through a busy day, wear to the gym, to the office, or to after-work drinks.

11.    On or about December 2015, The Flat was released by Rothy's after more than

three and one-half years of research and development and at a great expense to Rothy's.

Following its release, The Flat quickly gained success in the market, selling more than $40

million dollars of product, and earning a reputation with consumers for its design, the

comfortable fit and lightweight and extremely attractive aesthetic. Rothy's has spent many years

and a vast amount of financial resources in the conception, design, intellectual property

protection, manufacture, marketing and sales of The Flat product.

12.    Rothy's The Flat product has a distinctive shape and design such that it is

recognized by consumers of footwear.

13.     The signature round toe with a distinctive pointed vamp, seamless 3D knitted upper, slim profile and sleek outsole of The Flat constitutes the trade dress of Rothy's The Flat.

14.     As a result of Rothy's revolutionary design and significant research and promotional efforts, Rothy's The Flat has received significant media attention from a variety of national and global media sources.  Indeed, news outlets have described Rothy's The Flat as a "favorite work shoe for women." Connie Chen, *Women in New York City and San Francisco are obsessed with these comfortable flats made from recycled water bottles — here's what they feel like*, Business Insider (July 1, 2018) https://amp.businessinsider.com/rothys-comfortable-work-flat-review-2018-6. Other news outlets have praised "that not only are these among the most politically correct shoes on our beleaguered planet, they are also adorable." Lynn Yaeger, *The Most Environmentally Friendly Shoes on the Planet Also Happen to Be the Cutest*, Vogue (August 17, 2016) https://www.vogue.com/article/rothys-shoes-chic-recycled-eco-friendly-flats/amp. "Rothy's ballet flats are elegant" which has led to "the shoes hav[ing] amassed a loyal global clientele, many of whom can't stop talking about them online and off." Tariro Mzezewa, *What if Your Environmentally Correct Shoes Were Also Cute?*, New York Times (June 6, 2017) https://www.nytimes.com/2017/06/06/fashion/rothys-recycled-plastic-bottle-shoes.html.  Rave reviews have asserted that "[t]he flats are machine washable (!) and made from recycled materials. They claim to be comfy like sneakers — oh, and also? They are really CUTE." Natalie Brown et al., *We Tried The Washable Flats You're Seeing All Over Pinterest*, Buzzfeed (June 21, 2017) https://www.buzzfeed.com/nataliebrown/rothys-flats-review?utm_term=.odmjqKG5a#.xf5DpaWA4.

15.     The shape and/or ornamental design of Rothy's The Flat product is nonfunctional.

- 4 -

16.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D768,366 (the "'D366 Patent") for an ornamental design entitled "Shoe." The 'D366 Patent was duly issued on October 11, 2016, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 1. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

17.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D804,156 (the "'D156 Patent") for an ornamental design entitled "Shoe." The 'D156 Patent was duly issued on December 5, 2017, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 2. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

18.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D805,276 (the "'D276 Patent") for an ornamental design entitled "Shoe." The 'D276 Patent was duly issued on December 19, 2017, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 3. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

19.     On information and belief, on or about March 20, 2018, the Defendants or someone acting on their behalf, purchased the Rothy's The Flat product in the color/style "indigo mini stripe" and it was shipped to Defendant JKM Technologies, LLC's principal place of business.

- 5 -

20.     On information and belief, with the Plaintiffs' product in hand, Defendants began reviewing, researching and copying the product that embodied the ornamental designs covered by the 'D366 Patent, the 'D156 Patent and the 'D276 Patent, and willfully copied the trade dress of The Flat.

21.     On information and belief, on or about June 2018, the Defendants began marketing, manufacturing, and offering for sale a product entitled "The Dream Flat by OESH" ("The Dream Flat"), a shoe with a shape, design and look that is virtually identical to Rothy's The Flat product and the embodied ornamental design covered by the 'D366 Patent, the 'D156 Patent and the 'D276 Patent.

22.     On information and belief, the similarity between the two products is so striking that consumers seeing The Dream Flat product have been and will continue to be confused into thinking that The Dream Flat product was related to the Rothy's The Flat product. As such, ordinary consumers are likely to be confused as to the source, sponsorship, affiliation or approval relating to The Dream Flat product vis-à-vis Rothy's and it's The Flat product.

23.     Defendants' The Dream Flat product has an overall appearance that is confusingly similar and substantially the same in the eyes of an ordinary observer, in view of the prior art, as the designs claimed in the 'D366 Patent, the 'D156 Patent and the 'D276 Patent as demonstrated by the side-by-side comparisons below:

| The 'D366 Patent | The Infringing Product |
|---|---|



FIG. 6

| The 'D156 Patent | The Infringing Product |
|---|---|



FIG. 6

| The 'D276 Patent | The Infringing Product |
|---|---|
|  | |

24.     Defendants' The Dream Flat product has an overall appearance that is confusingly similar and substantially the same as the trade dress of Rothy's The Flat product, as demonstrated by the side-by-side comparison below:

| The Patented Product – Rothy's The Flat | The Infringing Product – The Dream Flat |
|---|---|
|  | |



25.     On information and belief, Defendants have gained profits by virtue of their offers for sale of The Dream Flat product.

26.     On information and belief, consumers viewing The Dream Flat product have confused and will continue to confuse The Dream Flat product with Rothy's The Flat product.

27.     On information and belief, Defendants' infringement has caused Rothy's to suffer harm, and as such, Rothy's is entitled to damages

## COUNT I
## <u>INFRINGEMENT OF U.S. Patent No. D768,366</u>

28.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 27 above as though fully set forth below.

29.     Defendants' The Dream Flat product falls within the scope of the claim of the D768,366 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

30.     Defendants have been and are still infringing the 'D366 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D366 Patent.

31.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

32.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D366 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

33.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

34.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT II
### INFRINGEMENT OF U.S. Patent No. D804,156

35.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 34 above as though fully set forth below.

36.     Defendants' The Dream Flat product falls within the scope of the claim of the D804,156 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

37.     Defendants have been and are still infringing the 'D156 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D156 Patent.

38.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

39.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D156 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

40.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

41.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT III
### INFRINGEMENT OF U.S. Patent No. D805,276

42.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 41 above as though fully set forth below.

43.     Defendants' The Dream Flat product falls within the scope of the claim of the D805,276 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

44.     Defendants have been and are still infringing the 'D276 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D276 Patent.

45.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

46.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D276 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

47.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

48.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT IV
## <u>INFRINGEMENT OF ROTHY'S TRADE DRESS</u>

49.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 48 above as though fully set forth below.

50.     Rothy's is the owner of the trade dress in and to The Flat product, with its signature round toe with a distinctive pointed vamp, seamless 3D knitted upper, slim profile and sleek outsole.

51.     The shape and/or ornamental design of The Flat product as described above is nonfunctional and has achieved secondary meaning in that it has come to be associated with Rothy's in the minds of consumers.

52.     As such, Rothy's The Flat product constitutes protectable trade dress pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

53.     The shape, design and look of Defendants' The Dream Flat product is confusingly similar to Rothy's The Flat product, and incorporates the distinctive features of The Flat product. Therefore, the marketing and sale of Defendants' The Dream Flat product constitutes the use in commerce of false designations of origin, false or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Defendants' The Dream Flat product or its affiliation, connection or association with Rothy's The Flat product or Rothy's sponsorship or approval of Defendants' The Dream Flat product. As such, Defendants' acts constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

54.     On information and belief, Defendants' use as described above is deliberate and willful.

55.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law.

**COUNT V**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION**

56.     Rothy's repeats and re-alleges the allegations of Paragraphs 1 through 55 of the Complaint above as though fully set forth below.

57.     Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Rothy's or as to the origin, sponsorship, or approval of Defendants' The Dream Flat product by Rothy's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.     Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Rothy's The Flat product.

59.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law. By the foregoing acts, Defendants have deceived and confused members of the public, and is likely to continue to do so unless restrained and enjoined by this Court.

**PRAYER FOR JUDGEMENT AND RELIEF**

WHEREFORE, Rothy's prays for a judgment against Defendants as follows:

60.     For a finding that U.S. Design Patent No. D768,366 is valid and enforceable;

61.     For a finding that Defendants have infringed U.S. Design Patent No. D768,366, and that such infringement was willful;

- 14 -

62. For a finding that U.S. Design Patent No. D804,156 is valid and enforceable;

63. For a finding that Defendants have infringed U.S. Design Patent No. D804,156, and that such infringement was willful;

64. For a finding that U.S. Design Patent No. D805,276 is valid and enforceable;

65. For a finding that Defendants have infringed U.S. Design Patent No. D805,276, and that such infringement was willful;

66. For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D768,366, under 35 U.S.C. § 284;

67. For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D804,156, under 35 U.S.C. § 284;

68. For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D805,276, under 35 U.S.C. § 284;

69. In the event Rothy's elects to recover damages under 35 U.S.C. § 284, an increase of the sums awarded to Rothy's to three times the actual damages, pursuant to 35 U.S.C. § 284;

70. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D768,366;

71. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D804,156;

72. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D805,276;

73. For an order that Defendants, their agents, servants officers, directors, employees, affiliates, attorneys, and all those acting in privity, active concert or participation with any of them, and their parents, subsidiaries, divisions, successors and assigns who receive actual notice

- 15 -

of the order and judgement by personal service or otherwise, be enjoined from making, using and selling any product in violation of Rothy's Design Patents Nos. D768,366, D804,156, and D805,276;

74.    That this case be deemed as exceptional under 35 U.S.C. § 285 due to the intentional and willful infringement by Defendants, and an award be made to Rothy's of its attorneys' fees under 35 U.S.C. § 285;

75.    A finding that the Defendants' The Dream Flat product infringes the trade dress of Rothy's and is likely to cause confusion, deception, or mistake as to the source of The Dream Flat product, or to dilute Rothy's trade dress or its distinctive The Flat product;

76.    For damages for infringing Rothy's trade dress, including Defendants' profits for the unauthorized use of Rothy's trade dress and for all damages sustained by Rothy's on account of Defendants' infringement, and unfair competition and that those damages be trebled pursuant to 15 U.S.C. § 1117;

77.    For a finding that this is an exceptional case and an award of attorneys' fees pursuant to 15 U.S.C. § 1117;

78.    That Defendants be ordered to pay Rothy's for damages it has sustained as a consequence of Defendants' unfair competitive acts;

79.    That Defendants be ordered to destroy any remaining inventory of infringing products as well as any and all advertising and promotional materials, displays, marketing materials, web pages and all other data or things relating to The Dream Flat product pursuant to 15 U.S.C. § 1118;

80.    For an order requiring Defendants to turn over to Rothy's all tooling and other implements used to manufacture the infringing product;

- 16 -

81.     For a permanent injunction pursuant to 15 U.S.C. § 1116;

82.     For an award of prejudgment and post-judgment interest and costs of suit to Rothy's; and

83.     Such other and further relief as the Court deems proper and just for Counts I – V of the Original Complaint.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rothy's demands a trial by jury on all issues triable by a jury.

Dated: August 16, 2018

Respectfully submitted,

*/s/ Dana J. Finberg*

Dana J. Finberg (VSB No. 34977)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
(415) 757-5897
dana.finberg@arentfox.com

Michelle Mancino Marsh (*Pro Hac Vice pending*)
Paul C. Maier (*Pro Hac Vice pending*)
**ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
(212) 484-3900
michelle.marsh@arentfox.com
paul.maier@arentfox.com

Brian J. Stevens (*Pro Hac Vice pending*)
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20006-5344
(202) 857-6000
brian.stevens@arentfox.com

*Counsel for Plaintiff Rothy's, Inc.*