**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**(ROANOKE DIVISION)**

| | |
|---|---|
| ROTHY'S, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JKM TECHNOLOGIES, LLC d/b/a OESH SHOES<br><br>&<br><br>DR. CASEY KERRIGAN d/b/a OESH SHOES,<br><br>Defendants. | Civil Action No. 3:18-cv-00067-MFU<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT,**
**TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff Rothy's, Inc., by and through its undersigned attorneys, hereby files this First Amended Complaint against Defendants JKM Technologies, LLC d/b/a OESH Shoes and Dr. Casey Kerrigan d/b/a OESH Shoes (hereinafter "Defendants"), and alleges as follow:

**THE PARTIES**

1.     Plaintiff Rothy's, Inc. (hereinafter "Rothy's") is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in California.

2.     On information and belief, Defendant JKM Technologies, LLC d/b/a OESH Shoes (hereinafter "JKM Technologies") is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 525 Rookwood Place, Charlottesville, Virginia 22903-4735.

3.      On information and belief, Defendant Dr. Casey Kerrigan lives and resides in the Commonwealth of Virginia and, doing business as OESH Shoes, has her principal place of business at 705 Dale Avenue, Suite E, Charlottesville, Virginia 22903-5273.

## JURISDICTION AND VENUE

4.      This is a civil action for: (i) infringement of United States Design Patent Nos. D768,366, D804,156, D805,276, D831,325, D833,729, and D836,314 (the "Rothy's Design Patents") arising under the Patent Laws of the United States, Title 35, United States Code, § 271 *et seq.*; (ii) trade dress infringement under § 43(a) of the U.S. Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1125(a); and (iii) unfair competition and false designation in violation of § 43(a) of the Lanham Act 15 U.S.C. § 1125(a). Accordingly, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      On information and belief, Defendants are a Virginia company and a Virginia resident, have a business office in this Judicial District, do continuous and systematic business in this Judicial District, and have committed acts of patent infringement, trade dress infringement, and unfair competition in this Judicial District. Consequently, venue is proper in this Court under 28 U.S.C. §§ 1391 (b), (c), and (d), and 1400(b).

## FACTUAL BACKGROUND

7.      Plaintiff Rothy's (formerly known as CABH Holdings, LLC) was founded in 2012 and has what *Business Insider* describes as a "ravenous following" for its unique, novel, sustainable, comfortable, and stylish shoes. Rothy's footwear is elegantly designed and seamlessly

manufactured from recycled bottles using a proprietary 3D knitting process that significantly reduces waste. Rothy's has endeavored to repurpose more than 13 million plastic bottles since its founding.

8.      In 2012, Rothy's began the design and development of its revolutionary industry changing shoe titled the Flat ("The Flat"), a ballet type shoe that is the perfect shoe to take you through a busy day, wear to the gym, to the office, or to after-work drinks.

9.      In or about December 2015, The Flat product was released by Rothy's after more than three and one-half years of research and development and at a great expense to Rothy's. Following its release, The Flat product quickly gained success in the market, selling more than $40 million dollars of product, and earning a reputation with consumers for its design, the comfortable fit and lightweight and extremely attractive aesthetic. In 2018 alone, Rothy's has sold more than 1 million pairs of total shoes, which generated revenue of more than $140 million. Rothy's has spent many years and a vast amount of financial resources in the conception, design, intellectual property protection, manufacture, marketing and sales of The Flat product.

10.     Rothy's The Flat product has a distinctive shape and design such that it is recognized by consumers of footwear.

11.     The signature round toe with a distinctive pointed vamp, seamless 3D knitted upper, slim profile and sleek outsole of The Flat product constitutes the trade dress of Rothy's The Flat product.

12.     As a result of Rothy's revolutionary design and significant research and promotional efforts, Rothy's The Flat product has received significant media attention from a variety of national and global media sources.  Indeed, news outlets have described Rothy's The Flat product as a "favorite work shoe for women." Connie Chen, *Women in New York City and*

*San Francisco are obsessed with these comfortable flats made from recycled water bottles —
here's what they feel like*, Business Insider (July 1, 2018) https://amp.businessinsider.com/rothys-comfortable-work-flat-review-2018-6. Other news outlets have praised "that not only are these among the most politically correct shoes on our beleaguered planet, they are also adorable." Lynn Yaeger, *The Most Environmentally Friendly Shoes on the Planet Also Happen to Be the Cutest*, Vogue (August 17, 2016) https://www.vogue.com/article/rothys-shoes-chic-recycled-eco-friendly-flats/amp. "Rothy's ballet flats are elegant" which has led to "the shoes hav[ing] amassed a loyal global clientele, many of whom can't stop talking about them online and off." Tariro Mzezewa, *What if Your Environmentally Correct Shoes Were Also Cute?*, New York Times (June 6, 2017) https://www.nytimes.com/2017/06/06/fashion/rothys-recycled-plastic-bottle-shoes.html. Rave reviews have asserted that "[t]he flats are machine washable (!) and made from recycled materials. They claim to be comfy like sneakers — oh, and also? They are really CUTE." Natalie Brown et al., *We Tried The Washable Flats You're Seeing All Over Pinterest*, Buzzfeed (June 21, 2017) https://www.buzzfeed.com/nataliebrown/rothys-flats-review?utm_term=.odmjqKG5a#.xf5DpaWA4.

13.    The shape and/or ornamental design of Rothy's The Flat product is nonfunctional.

14.    By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D768,366 (the "'D366 Patent") for an ornamental design entitled "Shoe." The '366 Patent was duly issued on October 11, 2016, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 1. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

15.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D804,156 (the "'D156 Patent") for an ornamental design entitled "Shoe." The 'D156 Patent was duly issued on December 5, 2017, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 2. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

16.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D805,276 (the "'D276 Patent") for an ornamental design entitled "Shoe." The 'D276 Patent was duly issued on December 19, 2017, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 3. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

17.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D831,325 (the "'D325 Patent") for an ornamental design entitled "Shoe." The 'D325 Patent was duly issued on October 23, 2018, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 4. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

18.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D833,729 (the "'D729 Patent") for an ornamental design entitled "Portion of a Shoe." The 'D729 Patent was duly issued on November 20, 2018, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 5. Such right, title and interest

includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

19.     By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D836,314 (the "'D314 Patent") for an ornamental design entitled "Portion of a Shoe." The 'D314 Patent was duly issued on December 25, 2018, by the United States Patent and Trademark Office, a copy of which is attached hereto as Exhibit 6. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

20.     Based on publically available information, and on information and belief, Dr. Casey Kerrigan d/b/a OESH Shoes is not an incorporated business or entity.

21.     Defendant Dr. Casey Kerrigan d/b/a OESH Shoes represents to the public that she is the owner of OESH Shoes. *See* Exhibit 7 (Linkedin profile of Dr. Casey Kerrigan retrieved on September 18, 2018). As the owner of OESH Shoes, Defendant Dr. Casey Kerrigan asserts her occupational roles to include designing, developing and manufacturing shoes. *See id*. Further, Defendant Dr. Casey Kerrigan is sole developer of OESH Shoes. *See* Exhibit 8 (OESH website retrieved on January 10, 2019). Additionally, local news outlets have described Defendant Dr. Casey Kerrigan as "the chairman of OESH Shoes." Samantha Baars, *Locally made 3-D, biometric shoes disrupting the industry*, C-Ville (February 28, 2018) https://www.c-ville.com/locally-made-3-d-biometric-shoes-disrupting-industry/.

22.     On information and belief, Dr. Casey Kerrigan was aware of Rothy's designs when she reviewed, researched and copied the product that embodied the ornamental designs covered by the Rothy's Design Patents, and willfully copied the trade dress of The Flat product.

23.     On information and belief,  Defendant JKM Technologies was aware of Rothy's designs when it reviewed, researched and copied the product that embodied the ornamental designs covered by the Rothy's Design Patents, and willfully copied the trade dress of The Flat product.

24.     On information and belief, on or about March 20, 2018, someone acting on behalf of Dr. Casey Kerrigan, JKM Technologies, or both, purchased the Rothy's The Flat product in the color/style "Indigo Mini Stripe" and it was shipped to Defendant JKM Technologies' principal place of business.

25.     On information and belief, with the Plaintiffs' product in hand, JKM Technologies began reviewing, researching and copying the product that embodied the ornamental designs covered by the Rothy's Design Patents, and willfully copied the trade dress of The Flat product.

26.     On information and belief, with the Plaintiffs' product in hand, Dr. Casey Kerrigan began reviewing, researching and copying the product that embodied the ornamental designs covered by the Rothy's Design Patents, and willfully copied the trade dress of The Flat product.

27.     On information and belief, in or about June 2018, the Defendants began marketing, manufacturing and offering for sale a product entitled "The Dream Flat by OESH" ("The Dream Flat"), a shoe with a shape, design and look that is virtually identical to Rothy's The Flat product and the embodied ornamental design covered by the Rothy's Design Patents.

28.     On information and belief, Defendant Dr. Casey Kerrigan personally designed and developed The Dream Flat. *See* Dr. Casey Kerrigan, *The Dream Flat by OESH*, INDIEGOGO (Retrieved January 10, 2019) https://www.indiegogo.com/projects/the-dream-flat-by-oesh#/ ("Driven by Dr. Kerrigan's research [], the Dream [Flat] is designed to make you feel incredible all day long….").

29.     On information and belief, Defendant Dr. Casey Kerrigan, through the use of necessary equipment, personally manufactures The Dream Flat. Samantha Baars, *Locally made 3-D, biometric shoes disrupting the industry*, C-Ville (February 28, 2018) https://www.c-ville.com/locally-made-3-d-biometric-shoes-disrupting-industry/ ("A row of 3-D printers lines the wall in Kerrigan's small Dale Avenue factory, [] next to a dozen of her footwear designs. Shoeboxes are stacked from floor to ceiling. She pours a handful of rubber pellets—the same kind used to make bouncy balls—into the machine, turns it on and stands by as it begins to trace the outline of a pair of [] soles.").

30.     On information and belief, the similarity between Rothy's The Flat product and Defendants' The Dream Flat product is so striking that consumers seeing The Dream Flat product have been and will continue to be confused into thinking that The Dream Flat product is related to the Rothy's The Flat product. As such, ordinary consumers are likely to be confused as to the source, sponsorship, affiliation or approval relating to The Dream Flat product vis-à-vis Rothy's and it's The Flat product.

31.     Defendants' The Dream Flat product has an overall appearance that is confusingly similar and substantially the same in the eyes of an ordinary observer, in view of the prior art, as the designs claimed in the Rothy's Design Patents, as demonstrated by the side-by-side comparisons below:

| The 'D366 Patent | The Infringing Product |
|---|---|



| The 'D156 Patent | The Infringing Product |
|---|---|



| The 'D276 Patent | The Infringing Product |
|---|---|



| The 'D325 Patent | The Infringing Product |
|---|---|







32.     Defendants' The Dream Flat product has an overall appearance that is confusingly similar and substantially the same as the trade dress of Rothy's The Flat product, as demonstrated by the side-by-side comparisons below:

| The Patented Product – Rothy's The Flat | The Infringing Product – The Dream Flat |
|---|---|



| The Patented Product – Rothy's The Flat | The Infringing Product – The Dream Flat |
|---|---|
|  |  |

33.     On information and belief, Defendants gained profits by virtue of their offers for sale of The Dream Flat product.

34.     On information and belief, consumers viewing The Dream Flat product have confused and will continue to confuse The Dream Flat product with Rothy's The Flat product.

35.     On information and belief, Defendants' infringement caused Rothy's to suffer harm, and as such, Rothy's is entitled to permanent injunctive relief and damages.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. D768,366

36.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 35 above as though fully set forth below.

37.     Defendants' The Dream Flat product falls within the scope of the claim of the D768,366 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq.*

38.     Defendants have been and are still infringing the 'D366 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D366 Patent.

39.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

40.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D366 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

41.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

42.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. D804,156

43.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through above 42 as though fully set forth below.

44.     Defendants' The Dream Flat product falls within the scope of the claim of the D804,156 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

45.     Defendants have been and are still infringing the 'D156 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D156 Patent.

46.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

47.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D156 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

48.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

49.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. D805,276

50.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through above 49 as though fully set forth below.

51.     Defendants' The Dream Flat product falls within the scope of the claim of the D805,276 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

52.     Defendants have been and are still infringing the 'D276 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D276 Patent.

53.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

54.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D276 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

55.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

56.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. D831,325

57.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 56 above as though fully set forth below.

58.     Defendants' The Dream Flat product falls within the scope of the claim of the D831,325 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

59.     Defendants have been and are still infringing the 'D325 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D325 Patent.

60.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

61.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D325 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

62.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

63.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. D833,729**

64.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 63 above as though fully set forth below.

65.     Defendants' The Dream Flat product falls within the scope of the claim of the D833,729 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

66.     Defendants have been and are still infringing the 'D729 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D729 Patent.

67.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

68.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D729 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

69.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

70.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT VI
## <u>INFRINGEMENT OF U.S. PATENT NO. D836,314</u>

71.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 70 above as though fully set forth below.

72.     Defendants' The Dream Flat product falls within the scope of the claim of the D836,314 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

73.     Defendants have been and are still infringing the 'D314 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Dream Flat product as identified in this Complaint, which embodies the design covered by the 'D314 Patent.

74.     On information and belief, Defendants' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

75.     On information and belief, Defendants have gained profits by virtue of their infringement of the 'D314 Patent. As such, Rothy's is entitled to Defendants' profits under 35 U.S.C. § 289.

76.     On information and belief, Defendants' infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

77.     On information and belief, Defendants have caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT VII
## INFRINGEMENT OF ROTHY'S TRADE DRESS

78.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through above 77 as though fully set forth below.

79.     Rothy's is the owner of the trade dress in and to The Flat product, with its signature round toe with a distinctive pointed vamp, seamless 3D knitted upper, slim profile and sleek outsole.

80.     The shape and/or ornamental design of The Flat product as described above is nonfunctional and has achieved secondary meaning in that it has come to be associated with Rothy's in the minds of consumers.

81.     As such, Rothy's The Flat product constitutes protectable trade dress pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

82.     The shape, design and look of Defendants' The Dream Flat product is confusingly similar to Rothy's The Flat product, and incorporates the distinctive features of The Flat product. Therefore, the marketing and sale of Defendants' The Dream Flat product constitutes the use in commerce of false designations of origin, false or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Defendants' The Dream Flat product or its affiliation, connection or association with Rothy's The Flat product or Rothy's sponsorship or approval of Defendants' The Dream Flat product. As such, Defendants' acts constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

83.     On information and belief, Defendants' use as described above is deliberate and willful.

84.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law.

## COUNT VIII
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

85.     Rothy's repeats and re-alleges the allegations of Paragraphs 1 through 84 of the Complaint above as though fully set forth below.

86.     Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Rothy's or as to the origin, sponsorship, or approval of Defendants' The Dream Flat product by Rothy's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

87.     Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Rothy's The Flat product.

88.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law. By the foregoing acts, Defendants have deceived and confused members of the public, and is likely to continue to do so unless restrained and enjoined by this Court.

## PRAYER FOR JUDGEMENT AND RELIEF

WHEREFORE, Rothy's prays for a judgment against Defendants as follows:

89.     For a finding that U.S. Design Patent No. D768,366 is valid and enforceable;

90.     For a finding that Defendants have infringed U.S. Design Patent No. D768,366, and that such infringement was willful;

91.     For a finding that U.S. Design Patent No. D804,156 is valid and enforceable;

92.     For a finding that Defendants have infringed U.S. Design Patent No. D804,156, and that such infringement was willful;

93.     For a finding that U.S. Design Patent No. D805,276 is valid and enforceable;

94.     For a finding that Defendants have infringed U.S. Design Patent No. D805,276, and that such infringement was willful;

95.     For a finding that U.S. Design Patent No. D831,325 is valid and enforceable;

96.     For a finding that Defendants have infringed U.S. Design Patent No. D831,325, and that such infringement was willful;

97.     For a finding that U.S. Design Patent No. D833,729 is valid and enforceable;

98.     For a finding that Defendants have infringed U.S. Design Patent No. D833,729, and that such infringement was willful;

99.     For a finding that U.S. Design Patent No. D836,314 is valid and enforceable;

100.    For a finding that Defendants have infringed U.S. Design Patent No. D836,314, and that such infringement was willful;

101.    For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D768,366, under 35 U.S.C. § 284;

102.    For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D804,156, under 35 U.S.C. § 284;

103.    For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D805,276, under 35 U.S.C. § 284;

104.    For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D831,325, under 35 U.S.C. § 284;

105. For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D833,729, under 35 U.S.C. § 284;

106. For an award of damages to Rothy's against Defendants for infringement of U.S. Design Patent No. D836,314, under 35 U.S.C. § 284;

107. In the event Rothy's elects to recover damages under 35 U.S.C. § 284, an increase of the sums awarded to Rothy's to three times the actual damages, pursuant to 35 U.S.C. § 284;

108. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D768,366;

109. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D804,156;

110. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D805,276;

111. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D831,325;

112. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D833,729;

113. An award of damages to Rothy's against Defendants under 35 U.S.C. § 289 in the amount of Defendants' total profits for infringement of U.S. Design Patent No. D836,314;

114. For an order that Defendants, their agents, servants officers, directors, employees, affiliates, attorneys, and all those acting in privity, active concert or participation with any of them, and their parents, subsidiaries, divisions, successors and assigns who receive actual notice of the order and judgement by personal service or otherwise, be enjoined from making, using and selling any product in violation of Rothy's Design Patents Nos. D768,366, D804,156, D805,276,

D831,325; D833,729, and D836,314;

115.    That this case be deemed as exceptional under 35 U.S.C. § 285 due to the intentional and willful infringement by Defendants, and an award be made to Rothy's of its attorneys' fees under 35 U.S.C. § 285;

116.    A finding that the Defendants' The Dream Flat product infringes the trade dress of Rothy's and is likely to cause confusion, deception, or mistake as to the source of The Dream Flat product, or to dilute Rothy's trade dress or its distinctive The Flat product;

117.    For damages for infringing Rothy's trade dress, including Defendants' profits for the unauthorized use of Rothy's trade dress and for all damages sustained by Rothy's on account of Defendants' infringement and unfair competition, and that those damages be trebled pursuant to 15 U.S.C. § 1117;

118.    For a finding that this is an exceptional case and an award of attorneys' fees pursuant to 15 U.S.C. § 1117;

119.    That Defendants be ordered to pay Rothy's for damages it sustained as a consequence of Defendants' unfair competitive acts;

120.    That Defendants be ordered to destroy any remaining inventory of infringing products as well as any and all advertising and promotional materials, displays, marketing materials, web pages and all other data or things relating to The Dream Flat product pursuant to 15 U.S.C. § 1118;

121.    For an order requiring Defendants to turn over to Rothy's all tooling and other implements used to manufacture the infringing product;

122.    For a permanent injunction pursuant to 15 U.S.C. § 1116;

123.    For an award of prejudgment and post-judgment interest and costs of suit to

Rothy's; and

124.   Such other and further relief as the Court deems proper and just for Counts I – VIII of the Amended Complaint.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rothy's demands a trial by jury on all issues triable by a jury.

Dated: January 14, 2019                    Respectfully submitted,


                                            */s/ Dana J. Finberg*

                                            Dana J. Finberg (VSB No. 34977)
                                            **ARENT FOX LLP**
                                            55 Second Street, 21st Floor
                                            San Francisco, CA 94105
                                            (415) 757-5897
                                            dana.finberg@arentfox.com

                                            Michelle Mancino Marsh (admitted *Pro Hac Vice*)
                                            Paul C. Maier (admitted *Pro Hac Vice*)
                                            **ARENT FOX LLP**
                                            1301 Avenue of the Americas, 42nd Floor
                                            New York, NY 10019
                                            (212) 484-3900
                                            michelle.marsh@arentfox.com
                                            paul.maier@arentfox.com

                                            Brian J. Stevens (admitted *Pro Hac Vice*)
                                            **ARENT FOX LLP**
                                            1717 K Street, NW
                                            Washington, DC 20006-5344
                                            (202) 857-6000
                                            brian.stevens@arentfox.com

                                            *Counsel for Plaintiff Rothy's, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via

CM/ECF this 14th day of January, 2019, to the following participants:

Nathan A. Evans (VSB No. 46840)
Francis H. Casola (VSB No. 29108)
Charles J. Dickenson (VSB No. 92889)
**WOODS ROGERS PLC**
10 S. Jefferson St. Suite 1400
Roanoke, Virginia 24011
Telephone: (540)-983-7621
Facsimile: (540)-983-7711
nevans@woodsrogers.com
casola@woodsrogers.com
cdickens@woodsrogers.com

*/s/ Dana J. Finberg*